UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL ZEMEL,** | Civ. No. 2:16-cv-03976 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **CITIBANK,** | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Daniel Zemel brings this action against Defendant Citibank, alleging that Citibank violated the Telephone Consumer Protection Act ("TCPA"). This matter comes before the Court upon Citibank's motion to compel arbitration. Plaintiff opposes the motion, averring that he opted out of the arbitration agreement at issue. There was no oral argument. Fed. R. Civ. P. 78(b). Because genuine issues of fact remain as to whether a valid arbitration agreement existed between the parties, Citibank's motion to compel arbitration is **DENIED without prejudice to renewal following limited discovery on the question of arbitrability**.

I.    RELEVANT BACKGROUND

In this action, Plaintiff alleges that Citibank violated the TCPA by auto-dialing him several times on his cell phone without his consent, in connection with his Citibank credit card account. ECF doc. 1.

Citibank moves to compel arbitration and stay proceedings. ECF doc. 7. Citibank contends that Plaintiff's claim is subject to binding arbitration pursuant to an arbitration agreement governing Plaintiff's Citibank credit card account. *Id.*

In opposition, Plaintiff maintains that he opted out of the arbitration agreement. Plaintiff has attached an affidavit in which he states that he received an arbitration agreement with an opt-out option, and opted out of the arbitration clause in the precise manner set forth by Citibank, within the requisite time period. ECF doc. 10.

In response, Citibank confirms that Plaintiff did have the right to opt-out of the arbitration agreement, but contends that it never received Plaintiff's opt-out request.

## II. LEGAL STANDARD

"[I]f the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on the question." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773–76 (3d Cir. 2013) (internal citations and quotation marks omitted). In fact, "when the very existence of such an agreement is disputed, a district court is correct to refuse to compel arbitration until it resolves the threshold question of whether the arbitration agreement exists." *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 112 (3d Cir. 2000). If a court denies a motion to compel arbitration under Rule 12(b)(6) to allow discovery on the question of arbitrability, "[a]fter limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard." *Guidotti*, 716 F.3d at 776.

## III. DISCUSSION

A district court will compel arbitration only where there is "no genuine issue of fact concerning the formation of the agreement" to arbitrate. *See Par–Knit Mills, Inc. v. Stockbridge Fabrics Co.,* 636 F.2d 51, 54 (3d Cir.1980). Such is not the case here.

It is well established that a sworn affidavit detailing "the specific circumstances that rendered the formation of an agreement to arbitrate impossible" creates a genuine issue of material fact regarding the existence of an arbitration agreement. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161-62 (3d Cir. 2009). Here, Plaintiff has submitted a sworn affidavit detailing the specific manner in which he opted out of the arbitration agreement with Citibank, rendering arbitration inappropriate at this stage.

Citibank argues that Plaintiff's affidavit is insufficient because he "inexplicably" fails to submit a copy of the opt-out form he mailed to Citibank, in violation of the "best evidence rule," Federal Rule of Evidence 1004.[1] But at this point in the litigation, Plaintiff's motion is not judged under the summary judgment standard, and the best evidence rule does not apply. *Guidotti*, 716 F.3d at 776. Rather, "the party opposing arbitration is entitled to 'the benefit of all reasonable doubts and inferences that may arise.'" *Kirleis*, 560 F.3d at 159 (citing and quoting *Par-Knit Mills, Inc.*, 636 F.2d at 54). In fact, the case that Citibank cites in support of its argument – *Ellin v. Credit One Bank*, No. 15-2694, 2015 WL 7069660 (D.N.J. Nov. 13, 2015) – confirms that a sworn affidavit can serve as competent evidence sufficient to refute the existence of a valid arbitration agreement. *Ellin*, 2015 WL 7069660 at *2 n4. ("Since Plaintiff has failed to submit any evidence, e.g., sworn certification, on this point, his assertion in his legal brief is not sufficient to refute Defendant's evidence.").

---

[1] The Court notes that the opt-out clause did not require Plaintiff to make a copy of his opt-out notice, but merely asked him to mail the original form to Citibank via first-class mail, which he avers he did.

2

Because genuine issues of fact concerning the formation of the agreement to arbitrate remain, *see Par-Knit Mills, Inc.*, 636 F.2d at 54, Citibank's motion to compel arbitration must be **DENIED**.  The parties are directed to contact Magistrate Judge Falk's chambers to conduct limited discovery on the question of arbitrability.  Citibank may renew its motion to compel arbitration following this discovery.

## IV.     CONCLUSION

For the reasons stated above, Defendant's motion to compel arbitration is **DENIED without prejudice to renewal following limited discovery on the question of arbitrability**.  An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 20, 2016**